IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| EFREM WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2707-T-dkv |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE WESTERN DISTRICT | ) | |
| OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER OF DISMISSAL

On September 29, 2014, mail sent to Plaintiff was returned as undeliverable [DE# 6] with a notation that Plaintiff had been released from the Shelby County Criminal Justice Center. Plaintiff has made no effort to apprise the court of his new address. Therefore, the complaint is DISMISSED for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff's complaint is also DISMISSED because it fails to state a claim on which relief may be granted. See Federal Rule of Civil Procedure 12(b)(6). Plaintiff has attempted to sue the United States District Court for the Western District of Tennessee based on the alleged violation of his civil rights during a suppression hearing conducted by Chief Judge J. Daniel Breen. Claims against Chief Judge Breen for monetary damages are barred because judges are absolutely immune from suit for damages. See Mireles v. Waco, 502 U.S. 9,

10–11 (1991) (reconfirming that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting maliciously, erroneously, corruptly or in excess of jurisdiction); Collyer v. Darling, 98 F.3d 211, 221 (6th Cir.1996) (citing Mireles, 502 U.S. at 9). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for the alleged deprivation of civil rights, Pierson v. Ray, 386 U.S. 547, 554–55 (1967), unless such acts are done in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " (citation omitted)).

In the Sixth Circuit, absolute immunity against federal judges extends to requests for injunctive and other forms of equitable relief as well as to claims for damages. Kipen v. Lawson, 57 F. App'x 691, 691 (6th Cir. 2003); see also Newsome v. Merz, 17 F. App'x 343, 345 (6th Cir. 2001) (finding that a plaintiff who sued a magistrate judge whose rulings allegedly favored the opposing parties in the plaintiff's prior lawsuits "had no claim for injunctive relief ... because he did not demonstrate an inadequate remedy at law or a serious risk of irreparable harm," and also holding that "federal judges are immune from Bivens suits for equitable relief").

Here, Plaintiff's claims stem from decisions made while Chief Judge Breen was lawfully presiding over a case properly before him. "There is no evidence proffered, nor plausible claim suggesting, that [Chief Judge Breen] was without jurisdiction to decide the

2

matters or that [he] acted outside [his] judicial capacity." <u>Vasile v. Dean Witter Reynolds, Inc.</u>, 20 F. Supp.2d 465, 489 (E.D.N.Y. 1998). Accordingly, Chief Judge Breen is entitled to absolute immunity from suit.

The court construes the claims against the United States District Court for the Western District of Tennessee as claims against the United States. The United States enjoys absolute sovereign immunity from suit except to the extent to which it has waived such immunity. In <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), the Supreme Court found that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities. <u>Bivens</u> has not, however, been expanded to include actions against the United States itself, or against federal agencies, including the federal courts. <u>See</u> <u>Nuclear Transport & Storage, Inc. v. United States</u>, 890 F.2d 1348, 1352 (6th Cir. 1989) ("Since the United States has not waived its sovereign immunity and consented expressly to be sued in a <u>Bivens</u>-type action, such suits cannot be brought against the United States." (citations omitted)). Accordingly, <u>Bivens</u> provides no basis for raising constitutional claims against the United States, the United States District Court, or the "federal legal system."

Plaintiff has not identified any alternative basis for this court to exercise jurisdiction over the United States. However, even if the court were to construe the claims against the United States as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., judicial immunity would still apply. <u>See</u> 28 U.S.C. § 2674 ("With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon

3

judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled."). Accordingly, the claims against the United States District Court for the Western District of Tennessee would be subject to dismissal on the grounds of judicial immunity under the FTCA.

The court DISMISSES the complaint for failure to prosecute and failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and as seeking money damages from parties who are immune from that relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases when the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations

4

that lead the Court to dismiss this case compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the court is required to assess the appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

The clerk is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE